FILED
2018 Jan-25 PM 02:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **LARRY DONALD JOHNSON,** | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | 6:17-cv-00557-LSC |
| **STEVEN YARBROUGH**, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## Memorandum of Opinion

Before the Court is Defendant DeBran Sudduth's ("Sudduth") Motion to Dismiss. (Doc. 3.) Plaintiff Larry Donald Johnson ("Johnson") alleges violations of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. §1983, false imprisonment, conversion, theft, and negligent practices against multiple Defendants. The only claim asserted against Defendant Sudduth is unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments. Accordingly, Sudduth's motion and this opinion address only those claims. The motion has been fully briefed and is now ripe for decision. For the reasons stated below, Sudduth's motion to dismiss is due to be GRANTED in part and DENIED in part.

## I. Background[1]

Larry Johnson is a resident of the Town of Parrish, which is situated in Walker County, Alabama. Walker County is a dry county. Under Alabama Code § 28-04-201, *et. seq.* it is unlawful to sell, offer to sell, or personally possess more than three quarts of liquor and case of beer, or three quarts of wine and a case of beer in such counties. On August 20, 2014, Sudduth, serving as the Parrish Municipal Court Magistrate, signed two warrants (No. 14-000000110 and No. 14-000000110) for Johnson's arrest for allegedly having unlawfully possessed and sold alcoholic beverages without a license in violation of Parrish Municipal ordinance No. 96a-148, which embraces Section 28-04-201, Code of Alabama 1975.[2] (*See* Doc. 8-4.) Sudduth, who was the Clerk of the Parrish Municipal Court at the time, set bond for each violation at $500.00 cash, and then signed the warrants purportedly without a complaint, affidavit, or other written statement made under oath.

---

[1] When reviewing a motion to dismiss, this Court must accept the plaintiff's version of the facts as true and "[construe] the reasonable inferences therefrom . . . in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). The following facts are, therefore, taken from Johnson's allegations in his complaint, and the Court makes no ruling on their veracity.

[2] § 28-4-201, Code of Alabama 1975, as amended, is entitled "Sale or offer for sale or possession in excess of quantity permitted of such alcoholic beverages; penalties for violations of article," and states: "(a) It shall be unlawful for any person residing in or traveling through any dry county in this state to sell or offer to sell such alcoholic beverages to another or to have in his possession at any one time any amount of alcoholic beverages in excess of the quantity stipulated in Section 28-4-200. (b) Any person violating the provisions of this article shall be guilty of a misdemeanor and shall be fined not less than $50.00 nor more than $500.00 or imprisoned in the county jail for a period not to exceed six months or both, at the discretion of the court."

Yarbrough executed the warrants on August 20, 2014, allegedly despite knowledge that they were unlawfully obtained. At 10:28 A.M. that same day, pursuant to the warrant, Yarborough stopped, detained, arrested, and transported Johnson to the Parrish Jail. Johnson paid the Parrish town clerk a $1,000.00 cash bond to ensure his release, and he was required to return to court to answer the charges against him in order to avoid suspension of his driver license and forfeiture of his bail bond. On October 2, 2014, the Municipal Court of Parrish acquitted Johnson of all charges. Upon acquittal, Johnson made a request to the city clerk for return his $1,000.00 bond. However, he was denied, and a delay occurred on account of the fact that the Town of Parrish had spent the money. Consequently, Johnson was required to wait weeks before the bond was returned to him in full.

## II. STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to satisfy this standard, the complaint must also include "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal* establishes a two-step process for evaluating a complaint. First, the Court must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Factual allegations in a complaint need not be detailed, but they "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A party need not specifically plead each element in his or her cause of action, but the pleading must contain "enough information regarding the material elements of a cause of action to support recovery under some viable legal theory." *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami, Fla.*, 637 F.3d 1178, 1186 (11th Cir. 2011). Ultimately, the Court must be able to draw a reasonable inference from the facts that the other party is liable. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215 (11th Cir. 2012). The Court must construe pleadings broadly and resolve inferences in the nonmoving party's favor. *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006).

## III. Discussion

### A. Johnson's Complaint as against Sudduth states a claim upon which relief can be granted.

Johnson avers that the two warrants for his arrest were obtained unlawfully because Sudduth issued them without competent lawful evidence, and "knew or should have known the criminal process begins upon the making a complaint and an arrest warrant cannot be lawfully issued without a written statement under oath substantially in compliance with the law." (Doc. 1-2 at 8.) Additionally, he claims that the complaint and the warrant for Johnson's arrest were not within the bounds of the Fourth Amendment.[3]

Under the Alabama Rules of Criminal Procedure, a warrant may be issued where it appears "from testimony of witnesses that an offense has been committed and there is probable cause to believe that the defendant committed it."[4]

---

[3] While the Johnson asserted claims based on the Fourth and Fourteenth Amendments, his claims for arrest and detention without probable cause arise under the Fourth Amendment. *Manuel v. City of Joliet, Illinois*, --- U.S. ----, 137 S. Ct. 911, 914, 918 (2017); s*ee also County of Riverside v. McLaughlin*, 500 U.S. 44, 47, (1991) (recognizing that "the Fourth Amendment requires a prompt determination of probable cause."). To the extent Johnson asserted Fourteenth Amendment due process claims relating to his arrest and subsequent detention, such claims are duplicative of his Fourth Amendment claims.

[4] Rule 4.3(a)(1)(iii), Ala. R. Crim. P . states that "[a] judge or magistrate in the county of arrest shall determine whether probable cause exists to believe that the defendant committed the charged offense, by examining any necessary witnesses in accordance with the procedures for making a probable cause determination in Rule 2.4." Rule 2.4 sets forth, in relevant part, that if "the judge or magistrate is reasonably satisfied from the complaint and the evidence, if any, submitted that the offense complained of has been committed and that there is probable cause to believe that the defendant committed it, the judge or magistrate shall proceed under Rule 3.1."

Committee Comments, Ala. R. Crim. P. 3.1. In addition the Committee Comments for the Alabama Rule of Criminal Procedure explain, "[r]ule 3.1 is a restatement of Alabama law in that a warrant for the arrest of a defendant will issue only if it reasonably appears from a complaint or from affidavits filed with the complaint or from testimony of witnesses that an offense has been committed and there is probable cause to believe that the defendant committed it." Committee Comments, Ala. R. Crim. P. 3.1. Sudduth asserts that "the [Plaintiff's] Complaint is silent as to whether the subject warrants were issued based upon witness testimony, but they certainly *could have been* pursuant to Ala. R. Crim. P. 3.1." (Doc. 3 at 9.) The face of the warrants simply states, "probable cause being found on Complaint filed in this Court against Larry Donald Johnson, charging unlawful possession of alcoholic bevarage [sic] in violation of City Code. . . ." (Doc. 8-4 at 2-3.) Sudduth never states whether an oral statement or an affidavit was received from which Sudduth made a probable cause determination. While Johnson's claim that a warrant cannot be issued without a written statement is inaccurate, probable cause must have been based upon a complaint or affidavit or the testimony of witnesses; Plaintiff avers that none of those three requirements were met.[5] If true,

---

Rule 2.4, Ala. R. Crim. P. Rule 3.1 then instructs that upon a finding of probable cause, the judge or magistrate shall immediately cause to an arrest warrant to be issued.

[5] *See e.g., Sada v. City of Altamonte Springs*, 434 Fed. Appx. 845, 849 (11th Cir. 2001); *see also e.g., Hunt v. State*, 659 So. 2d 933, 947-48 (Ala. Crim. App. 1994) (though an initial complaint for an

those warrants would be defective and would have been issued in derogation of Johnson's rights. As such, the Court finds the Complaint sufficiently alleges facts capable of supporting a claim upon which relief can be granted.

### B. Eleventh Amendment Immunity

To the extent that Johnson alleges that then Magistrate Sudduth, acting in his official capacity as a magistrate, improperly issued an arrest warrant, Sudduth was acting as an Alabama state official[6] and is entitled to the same immunity as the state itself from any federal-court judgment imposing money damages. Suit against Sudduth in his official capacity, is "no different from a suit against the State [of Alabama] itself," which is barred by Eleventh Amendment immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also See Kentucky v. Graham*, 473 U.S. 159, 165–66, (1978). Sudduth issued the warrants for Plaintiff's arrest via his authority[7] and in his capacity as magistrate; as such he is entitled to Eleventh Amendment immunity for the official capacity claims against him.

---

arrest warrant does not have to be written, the judge "must examine the complainant under oath and take his or her deposition in writing" pursuant to Ala. Code 1975 § 15-7-2). It does not appear from the pleadings that Sudduth did so.

[6] "Section 279, Constitution of Alabama of 1901 requires an oath of office to support the Constitutions of the United States and Alabama from all members of the Legislature, and all officers, executive and judicial. State officers, as that term is used in § 279, are persons invested with the sovereign power of the State of Alabama." *State ex. rel. Burdette v. Coats*, 500 So. 2d 1 (Ala. 1986) (per curium).

[7] *See* Ala. Const. of 1901, Art. VI § 139 (a) ("Except as otherwise provided by this Constitution, the judicial power of the state shall be vested exclusively in a unified judicial system which shall

### C. Judicial immunity

Because Sudduth is entitled to Eleventh Amendment immunity for claims against him in his official capacity, the Court now looks to those asserted against him in his personal capacity. Sudduth asserts that he possesses absolute judicial immunity which would insulate him from liability. Akin to other "forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireless v. Waco*, 502 U.S. 9, 11 (1991). A judge is "absolutely immune from liability for his judicial acts *even if* his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (emphasis added). Absolute judicial immunity protects the official from both liability and also from the burden of going to trial. *See Harris v. Deveaux,* 780 F.2d 911, 913 (11th Cir. 1986) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Importantly, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity *unless they acted in the clear absence of all jurisdiction.*" *Sibley v. Lando,* 437 F.3d 1067, 1070 (11th Cir. 2005) (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)) (internal quotations omitted) (emphasis added).

---

consist of a supreme . . . **and such municipal courts as may be provided by law**.")(emphasis added).

In Alabama, "[j]udicial immunity extends to magistrates and court clerks performing judicial functions . . . ." *Ex parte City of Greensboro*, 948 So. 2d 540, 542-43 (Ala. 2006). The same is true under Eleventh Circuit precedent. *See e.g., Scott v. Dixon,* 720 F.2d 1542 (11th Cir. 1983) (clerk who issued warrant under authority granted by Georgia law and was dealt with in his "judicial capacity" was immune to suit even if he conspired with another by issuing criminal arrest warrant to collect debt); *cf. Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980).[8] Defendant asserts, and Plaintiff does not dispute, that Sudduth is the type of official who is entitled to judicial immunity, and that issuing a warrant is a judicial action.[9] "The issuance of a warrant would be a function normally performed by a judge." *Scott*, 720 F.2d at 1547 (11th Cir. 1983). Issuing the warrants for a violation of the Town of Parrish Ordinance No. 96a-148 was judicial action within his judicial capacity as a Magistrate and would entitle Sudduth to absolute judicial immunity. (*See* Doc. 8-4.)

---

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on October 1, 1981.

[9] The Code of Alabama specifically and explicitly bestows municipal court magistrates with the authority to issue "arrest warrants for municipal ordinance violations." Ala. R. J. Admin 18(I)(B)(2)(a). As alleged in the Complaint, Sudduth signed "two arrest warrants for the detention . . . of Plaintiff for allegedly having unlawfully possessed alcoholic beverages and allegedly selling alcoholic beverages without a license." (Doc. 1-2 at 6). As a Magistrate, Sudduth was empowered to "[issue] arrest warrants" for those violations. Ala. R. Jud. Admin. 18(I)(B)(2)(a).

However, Sudduth would not be immune from liability if he acted in the absence of either subject matter or personal jurisdiction. *See Sibley*, 437 F.3d at 1070. The holding in *Dykes v. Hosemann*, 743 F.2d 1488 (11th Cir. 1984), explains that for judicial immunity to apply, both subject matter and personal jurisdiction must be present.

### i. Subject Matter Jurisdiction

A judge who acts in the absence of subject matter jurisdiction may be held liable for his judicial acts. *Stump*, 435 U.S. at 370 n. 6 ("Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known, no excuse is permissible."). When analyzing a judge's immunity, "subject matter jurisdiction must be broadly construed." *Hosemann*, 743 F.2d at 1495. The Court finds that Sudduth as a Magistrate Judge in Parrish issuing a warrant for a violation of a Parrish ordinance possessed subject matter jurisdiction over Johnson.

### ii. Personal Jurisdiction

Plaintiff also alleges Sudduth lacked personal jurisdiction to issue the warrants thus abrogating his judicial immunity. Here, Johnson argues that because

Sudduth improperly executed the warrants,[10] the Municipal Court did not have jurisdiction over him and consequently, neither did Sudduth. He claims Sudduth improperly executed the warrants because he did not have depositions, affidavits, or complaints[11] when signing the warrant.

In the Eleventh Circuit, "immunity for judicial acts in the clear absence of jurisdiction is lost only if the judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes or case law expressly depriving him of jurisdiction."*Hosemann*, 743 F.2d at 1497. Johnson is a resident of Walker County, Alabama. (Doc. 1-2 at 4.) Parrish is a town in Walker County. Therefore, it would appear that then Magistrate Sudduth and the Town of Parrish possessed personal jurisdiction over Johnson for his conduct in Parrish. *See Stump*, 435 U.S. at 359. Further, if the magistrate issued the warrant based on probable cause, the rule only requires that the deposition be taken in writing, this might be a procedural defect that would not result in a nullification of personal jurisdiction.

---

[10] A warrant of arrest, as defined by § 15-7-4(a), Code of Alabama 1975, is a written order by a judge or magistrate directed to a peace officer commanding him to arrest the person named in the warrant. The warrant must state the substance of the complaint. Ala. Code, § 15-7-4(a) (1975).

[11] "A 'complaint' is an allegation made before a proper judge or magistrate that a person has been guilty of a designated public offense." Ala.Code 1975 § 15-7-1. "Once such a complaint is made to a judge or magistrate, the judge must examine the complainant under oath and take his or her deposition in writing. Ala.Code § 15-7-2(a) (1975). If the judge is reasonably satisfied that the offense alleged in the complaint has been committed by the accused, he must issue a warrant of arrest. Ala.Code § 15-7-3 (1975). Then, the warrant of arrest is executed when the appellant is arrested." *Steeley v. City of Gadsden*, 533 So. 2d 671 (Ala. Crim. App. 1988).

Under Alabama law, "[i]rregularities in obtaining jurisdiction of the person may be waived, but a formal accusation by indictment, or information, or complaint[12] supported by oath is essential to complete jurisdiction, and cannot be waived." *R.S.M. v. State*, 931 So. 2d 69, 73 (Ala. Crim. App. 2005). Defendant Sudduth has not submitted any evidence to the Court indicating what he based his probable cause determination on. Sudduth is invited to produce sufficient information such as evidence demonstrating what he actually based the warrant upon, so that this Court can make an appropriate determination of this issue. Until such a time, the Court will withhold its determination on Sudduth's defense of absolute judicial immunity.

**D. Statute of Limitations**

In Alabama, "[t]he filing of a complaint commences an action for purposes of the Alabama Rules of Civil Procedure but does not commence an action for purposes of satisfying the statute of limitations . . . . For statute-of-limitations purposes, the complaint must be filed and there must also exist a bona fide intent to have it immediately served." *ENT Associates of Alabama, P.A., v. Hoke*, 223 So. 3d

---

[12] *See Broom v. Douglass*, 57 So. 860, 863-64 (1912) ("If a magistrate should, of his own motion, without oath or complaint being made to him, on mere hearsay, issue a warrant and cause an arrest for an alleged larceny, it cannot be doubted that the person so illegally imprisoned could seek redress by a suit against such officer. It would be no legal answer for the magistrate to assert that he had a general cognizance over criminal offenses; for the conclusive reply would be that this particular case was not, by any form of proceeding, put under his authority. . . .").

209, 214-15 (2016) (internal citations omitted). Importantly, "[a] bona fide intent to have [an action] immediately served can be found when the plaintiff, at the time of filing, performs all the tasks required to serve process . . . ." *Id.*

Defendants cite *Hoke* in support of their argument that Johnson's suit against Sudduth should be dismissed because it is untimely and barred by the statute of limitations. In *Hoke*, the Alabama Supreme Court held that a plaintiff did not possess bona fide intent to immediately serve when the complaint was filed "in light of the facts (a) that she did not provide the clerk with the defendants' address for service at the time or otherwise give instructions as to how to serve the defendants, and (b) that she could not explain the 69-day delay in serving the defendants with the summons and complaint," and thus the action was not commenced within the statute of limitations. *Id.* In *Hoke*, the plaintiff elected to use a process server instead of using the clerk to effectuate service. In doing so, she "undertook the duty to obtain a process server" and by failing to make any effort to obtain one at the time she filed her complaint, her suit was barred by the statute of limitations. *Id.*

Conversely, here, when Johnson filed the complaint on August 19, 2016, he provided Sudduth's address, and also requested that the clerk effectuate service via the Sherriff. (*See* Doc. 8-5 at 3.) The record indicates that service was

accomplished the next month on September 12, 2016, by deputy sheriff Alex Daniel at Town Hall. Stephanie Phillips, a Town of Parrish employee, accepted service. Though Sudduth asserts that he was no longer an employee of Parrish at the time, and was not properly served until March 10, 2017—six months after the statute of limitations had run—the Court finds that Johnson's actions were sufficient to qualify as a bona fide intent to serve at the time the Complaint was filed. Under Eleventh Circuit precedent, Johnson's providing Sudduth's address to the clerk when filing suit and asking for delivery was enough to toll the statute of limitations. As such, granting Defendant's motion on that ground is inappropriate.

## IV. Conclusion

For the reasons stated above, Sudduth's Motion to Dismiss (Doc. 3) is due to be GRANTED in part and DENIED in part. All claims asserted against Defendant Sudduth in his official capacity are due to be DISMISSED while claims asserted against Sudduth in his personal capacity will remain. A separate Order consistent with this Opinion will be entered.

**DONE** and **ORDERED** on January 25, 2018.

/s/ L. Scott Coogler
L. Scott Coogler
United States District Judge

190685